**GRAND LABORATORIES, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE; Edward Madigan, Secretary; James W. Glosser, Administrator, Animal and Plant Health Inspection Service, Defendants–Appellees.**

No. 92–3790.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Dec. 6, 1993.

---

George Thomas Qualley, Omaha, NE, argued, for plaintiff, appellant.

David H. Schanzer, Washington, DC, argued (Stuart M. Gerson, Ronald D. Lahners, Arthur R. Goldberg and David H. Schanzer, on the brief), for defendants, appellees.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

In 1985, Congress amended the Virus–Serum–Toxin Act, 21 U.S.C. §§ 151–158, to require that veterinary biological products sold intrastate be manufactured under a license issued by the Secretary of Agriculture. After expiration of a lengthy grace period, the Department of Agriculture ("USDA") advised certain distributors of Grand Laboratories, Inc., that its unlicensed products could no longer be shipped intrastate. Grand Labs commenced this action seeking injunctive relief and now appeals the district court's [1] grant of summary judgment in favor of the government. Concluding that USDA's actions reflect a permissible interpretation of the Act and are not arbitrary or capricious, we affirm.

The 1985 amendments provided that the new licensing requirement for intrastate products would not take effect for four years, and that the Secretary could grant an extension for a fifth year to a firm showing "good cause and a good faith effort" to obtain a USDA license. Food Security Act of 1985, Pub.L. No. 99–198, § 1768(f)(2)(B), 99 Stat. 1354, 1656. In January 1987, Grand Labs received the four year exemption for intrastate distribution of 154 products in various midwestern states. In December 1989, Grand Labs received the additional fifth year exemption for 33 of those products.

On November 2, 1990, with the fifth year extension about to expire, USDA published an interim rule that unlicensed products manufactured before January 1, 1991, could continue to be shipped until June 30, 1991, provided the Secretary determined "that there is a reasonable expectation that licensure will be completed by June 30, 1991." See 55 Fed.Reg. 46188, 46190. This proposal was later adopted in a final regulation, 9

---

1. The HONORABLE LYLE E. STROM, Chief Judge of the United States District Court for the District of Nebraska.

C.F.R. § 114.2(d)(6). In adopting the final rule, the Secretary expressly rejected requests from Grand Labs and others "that products not authorized for shipment be allowed to be distributed through routine distribution channels for [an additional] six months or until such products had cleared distribution channels." 56 Fed.Reg. 7785, 7786 (1991).

Grand Labs received the additional six-month shipment exemption for sixteen products. Consistent with this limited exemption, in June 1991, USDA officials advised certain Grand Labs distributors that these unlicensed products could not be sold or shipped after June 30, 1991. The customers were told that veterinarians could continue to use these products in their practice of veterinary medicine; otherwise, the products must be held without sale, destroyed, or shipped back to Grand Labs. When customers returned products having a value in excess of $400,000, Grand Labs commenced this action. The district court held that USDA's ban on shipments of unlicensed products after June 30, 1991, was a reasonable interpretation of the 1985 amendments.

■ On appeal, Grand Labs first argues that, by prohibiting distributor shipments after June 30, 1991, USDA has frustrated the congressional purposes of alleviating financial hardship on intrastate manufacturers and avoiding abrupt removal of intrastate products from the market. The short answer to this contention is that it is inconsistent with the plain language of the statute. The Act now provides:

> [N]o person … shall … ship [any veterinary biological product] unless and until [that product] shall have been prepared … at an establishment holding an unsuspended and unrevoked license issued by the Secretary of Agriculture. …

21 U.S.C. § 151. The 1985 amendments suspended that requirement for five years to allow intrastate manufacturers to come into compliance with the licensing provisions of

the Act. The five year grace period ended on December 31, 1990. If anything, USDA erred on the side of leniency in allowing shipments of intrastate products manufactured within the five year grace period for six additional months. The agency certainly did not violate its statutory mandate in enforcing § 151 in accordance with its terms after June 30, 1991.[2]

■ Grand Labs further suggests that it was not given adequate notice that the extra six-month extension would be immediately followed by a harsh command that distributors return unsold product to Grand Labs after June 30, 1991. Unfair surprise or lack of notice might support a finding of arbitrary and capricious agency action in an appropriate case. But here, USDA's November 1990 interim rule expressly warned the industry that no shipments would be allowed by manufacturers or distributors after June 30, 1991. Grand Labs and others protested this limitation, but their objections were rejected, with an explanation, in the final agency action. Thus, there was no unfair surprise or lack of notice.

■ Grand Labs also argues that USDA's enforcement policy is arbitrary because veterinarians, who are often distributors as well, may use unlicensed products in their practice of veterinary medicine, but may not otherwise sell or ship those products after June 30, 1991. However, Congress has recognized that there is a rational basis for USDA to defer to the judgment of veterinarians when engaged in their own licensed practices. See 21 U.S.C. § 154a. Presumably, Grand Labs is not objecting to the fact that USDA permits veterinarians to use unlicensed products, since that has surely reduced the quantity of product returned to Grand Labs. The agency was not arbitrary or capricious in treating veterinarians engaged in practice differently than commercial resellers.

We have carefully considered Grand Labs's other arguments attacking the USDA's enforcement actions and conclude

2. Grand Labs also argues that USDA's action is contrary to the public interest because it removes "safe, pure and efficacious" products from the marketplace. But that argument must be addressed to Congress. The 1985 amendments re-

quire a USDA license and grant a five year grace period to obtain it. Whatever the merits of that enactment, the agency cannot be faulted for enforcing the statutory requirement after the five years has expired.

that they are without merit. The judgment of the district court is affirmed.